IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEXSTARA, LLC, | ) |
| | ) Civil Action No. |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| | ) FILED ELECTRONICALLY |
| ENVIROBUSINESS, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

Plaintiff, Nexstara, LLC, by undersigned counsel, bring this action against defendant, EnviroBusiness, Inc. and allege as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract, unjust enrichment and declaratory judgment regarding copyrights.

## PARTIES

2. Plaintiff, Nexstara, LLC ("Nexstara") is a company organized under the laws of Pennsylvania, with its principal place of business at 981 Route 228 Mars, Butler, PA 16046.

3. Defendant, EnviroBusiness, Inc., ("EBI") is a Massachusetts corporation, with its principal place of business at 21 B Street, Burlington, MA 01803.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 28 U.S.C. § 1338(a), 28 U.S.C § 1367 and 28 U.S.C. § 2201.

5.      This Court has personal jurisdiction over defendants because the defendants have established minimum contacts with the forum by purposely availing themselves of the laws and benefits of the forum, because defendants transacted business with plaintiffs in this district pursuant to 42 Pa.Cons.Stat.Ann § 5322(a) and the exercise of jurisdiction over the defendants would not offend traditional notions of fair play and substantial justice.

6.      Venue exists in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-1391(c) and 28 U.S.C. § 1400.

## FACTS

### A. Formation of the Contract and providing of services

7.      EBI contacted Nexstara at its location in Pennsylvania and requested that Nexstara implement and configure FinancialForce Profession Service Automation and Financial Force Accounting, collectively known as FinancialForce Services Planning (FFSR) for its use in connection with its business.

8.      On January 28, 2016 EBI entered into a Master Service Agreement with Nexstara, which is attached and marked as Exhibit 1 ("MSA").  EBI entered into the contract in Pennsylvania.

9.      On January 29, 2016 EBI entered into a Scope of Work Agreement with EBI regarding the scope of work to be completed under the Master Services Agreement, which is attached and marked as Exhibit 2 ("SOW").

10. After January 29, 2016 Nexstara started to perform its services in Pennsylvania to implement FFSR for EBI as set forth in the SOW. Nexstara worked in Pennsylvania to perform the implementation.

11. During the implementation of FFSR, EBI began to require certain customizations that required original computer programing from Nexstara.

12. The customizations included among others license activation and deactivation, spreading portfolio and other time across projects, and taking cost data from PSA to FFA.

13. During this time EBI began to breach the SOW by not paying invoices that were due within 15 days. Subsequently, EBI cured the breach with respect to the original work in the SOW.

14. Because of all of the changes an email was sent to EBI on October 27, 2016 with respect to the items outside the scope of the SOW.

15. EBI agreed to pay for the changes and insisted that they be completed with full knowledge that.

16. EBI induced and demanded that Nexstara to continue working and to have the completed project go live.

17. Because of EBI's fast approaching deadline Nexstara in good faith continued to work and complete implementation on the scheduled timeline.

18. On December 21, 2016 EBI indicated that it will not pay anything to Nexstara for its services it provided outside of the SOW.

**B.    Creation of the Intellectual Property Rights at Issue.**

19. Customizations requested by EBI required Nexstara to create new source code or new software design.  Nexstara created the following works: (i) Automated Licensing & Permissions Provisioning Customization  Cross Charge & Timecard Labor Allocation Customization; (ii) Portfolio Allocation Customization; (iii) Revenue Recognition Complex Configuration; (iii) Milestone Cost DLRS Roll-Ups Complex Configuration; (iv) Payable Invoice Line Item to Miscellaneous Adjustment and Billing Event Complex Configuration; (v) Dimension Tagging Complex Configuration; (vi) Pre-Billing & Retainers Complex Configuration ((i)-(vi) collectively "Works")

20. That Works were created by Nexstara, contractors retained be Nexstara or a combination thereof.

21. Nexstara and its employees and contractors are independent contractors to EBI and are not employed by EBI.

22. There is no written agreement indicating that the Works created by Nexstara are works made for hire.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

23. The allegations in Paragraphs 1 through 22, above, are incorporated by reference as if fully restated herein.

24. EBI's failure to pay and refusal to pay for the agreed upon changes is a breach of the contract EBI entered into with Nexstara.

## COUNT II
## DECLARATION THAT THE WORKS ARE NOT A WORK MADE FOR HIRE

25. The allegations in Paragraphs 1 through 24, above, are incorporated by reference as if fully restated herein.

26. The Works are not works made for hire under 17 U.S.C. § 101.

## COUNT III
## UNJUST ENRICHMENT

27. The allegations in Paragraphs 1 through 25, above, are incorporated by reference as if fully restated herein.

28. Nexstara has conferred a benefit on EBI through the implementation of the FFSR and the additional work it created and delivered to EBI and EBI has knowledge of those benefits.

29. Nexstara voluntarily induced, accepted and retained the benefit conferred without providing any compensation to Nexstara for the same.

30. The circumstances are such that it would be inequitable for EBI to retain this benefit without paying the value thereof to the Nexstara.

31. The amount which EBI has been unjustly enriched, as set forth above is in excess of $200,000.

## PRAYER FOR RELIEF

WHEREFORE, Nexstara requests this Court to enter judgment in its favor and against EBI awarding Nexstara the following relief:

1. Declaratory judgment that:

   (a) The Works are not a work made for hire.

    (b) Nexstara owns the Works.

2. Preliminarily and permanently enjoining EBI and its respective officers, agents, servants, employees, and any others acting in concert with the EBI directly or indirectly from:

    (a)    using FFSR;

    (b)    infringing the Nexstara's copyrights;

3.    Awarding Nexstara's attorneys' fees; and/or

4.    Awarding Nexstara damages in the amount of money it is owed from the additional services rendered by EBI.

5.    Granting the Nexstara such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 17, 2017

s/John C. Thomas III/

John C. Thomas III
Pa. I.D. No 88532
jthomas@beckthomas.com

Beck & Thomas, P.C.
Suite 100
1575 McFarland Road
Pittsburgh, Pennsylvania 15216
(412) 343-9700

Attorneys for Plaintiffs